UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **ALBERT APPLE,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0122 AS |
| | ) | |
| **CRAIG HANKS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about September 23, 2005, *pro se* petitioner, Albert Apple, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 21, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

This petitioner was the subject of a prison disciplinary proceeding designated as WVD 05-06-0202 in which he was sanctioned with an earned credit time deprivation of 60 days and a suspended sanction of a credit class demotion from credit class I to credit class II. There was also a one-month loss of commissary privileges and a written reprimand. Only the 60-day credit time deprivation implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Sandin v. Conner*, 515 U.S. 472 (1995).

There has been compliance here with the procedural demands of *Wolff*, and the

evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). This court does not here bottom any decision under harmless error and is not convinced that this petitioner was denied evidence so as to violate a constitutional right under the Fourth Amendment of the Constitution of the United States.  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).   The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  September 8, 2006

                                             **S/ ALLEN SHARP**
                                             **ALLEN SHARP, JUDGE**
                                             **UNITED STATES DISTRICT COURT**